REQUESTED BY: Senator John W. DeCamp Chairman of the Banking, Commerce Insurance Committee Room 1116 State Capitol Lincoln, NE 68509
Dear Senator DeCamp:
You have requested our opinion regarding the constitutionality of LB 298 in the form first read on January 17, 1985. You suggested that LB 298 may be unconstitutional in that it may be an improper delegation of legislative authority in violation of Article II, Section 1, and Article III, Section 1, of the Nebraska Constitution.
LB 298 alters § 45-103 Neb.Rev.Stat. (Reissue 1984) to provide that interest on decrees and judgments shall be `. . . at a rate equal to the coupon yield equivalent, as determined by the Secretary of the Treasury, of the average accepted auction price for the last auction of 52 week United States treasury bills settled immediately prior to the date of judgment.'
First, the Legislature has the power to determine the rate of interest on judgments. The question then appears to be whether the Legislature can require the court to determine the rate of interest on judgments according to a formula established by the Legislature. It is our opinion that it may do so. While the Legislature cannot delegate its power to make a law, it can make a law to delegate a power to determine some fact upon which the law is dependent.
 The true distinction, therefore, is between the delegation of power to make the law, which necessarily involves a discretion as to what it shall be, and conferring an authority or discretion as to its execution, to be exercised under and in pursuance of the law. The first cannot be done. To the latter no valid objection can be made. Searle v. Yensen, 118 Neb. 835, 226 N.W.2d 464 (1929).
As written, LB 298 does not purport to authorize the judiciary to independently establish a rate of interest on judgments or decrees. Rather, it authorizes the judiciary to make a finding of fact, that is, the rate of interest, according to a formula established by the Legislature. Therefore, LB 298 would not violate the stricters of Article II, Section 1 or Article III, Section of the Nebraska Constitution.
We would point out however, that the statute does not attempt to define `coupon yield equivalent' which would be necessary to an understanding of the formula proposed by the legislation.
Sincerely,
A. EUGENE CRUMP Deputy Attorney General
Timothy E. Divis Assistant Attorney General